IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-2405

WILDEARTH GUARDIANS,

        Plaintiff,

v.

MICHAEL S. REGAN, in his official capacity as
ADMINISTRATOR,
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY

        Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This action is a simple case of failure to meet a mandatory deadline. The Clean Air Act is a model of cooperative federalism, whereby the Administrator of the Environmental Protection Agency ("EPA") sets National Ambient Air Quality Standards ("NAAQS"), and the states develop specific plans to achieve these standards. States submit these State Implementation Plans ("SIPs") to EPA, which reviews the plans to ensure they meet the requirements of the Clean Air Act. The Clean Air Act mandates that EPA approve or disapprove, or partially approve and disapprove, SIPs submitted by states within 12 months of determination that the SIP submission is administratively complete. 42 U.S.C. §§ 7410(k)(2) and 7410(k)(3).

2. In 2019, EPA reclassified Colorado's Denver Metro-North Front Range region – a region that encompasses all of Adams, Arapahoe, Boulder, Broomfield, Denver Douglas, and

Jefferson Counties, as well as portions of Larimer and Weld Counties – from a "moderate" to a "serious" ozone nonattainment area due to ongoing violations of the ozone NAAQS adopted in 2008. 84 Fed. Reg. 70,897 (Dec. 26, 2019). This reclassification imposed more stringent air quality regulatory requirements and established a deadline of August 3, 2020 for Colorado to submit a SIP to demonstrate compliance, or attainment, with the 2008 ozone NAAQS according to "serious" nonattainment planning requirements under section 182(c) of the Clean Air Act. 42 U.S.C. § 7511a(c).[1]

3.  Belatedly, on March 22, 2021, the State of Colorado made its SIP submission to EPA purporting to address Clean Air Act section 182(c) requirements for the Denver Metro-North Front Range serious ozone nonattainment area.

4.  EPA had a duty to make a "completeness" finding within 60 days of that submission – May 23, 2021 – to determine whether it met the minimum criteria pursuant to statute. 42 U.S.C. § 7406(k)(1)(B).

5.  Also belatedly, on June 2, 2021, EPA deemed Colorado's submission complete.

6.  EPA's duty to fully or partially approve or disapprove a SIP submission within 12 months after the completeness finding has been deemed complete is mandatory and non-discretionary. 42 U.S.C. §§ 7410(k)(2) and 7410(k)(3). Accordingly, EPA was required to act – to fully or partially approve, or disapprove, of Colorado's SIP submission – by June 2, 2022. As of the date of this Complaint, EPA has not done so.

7.  Plaintiff WildEarth Guardians ("Guardians") brings this Clean Air Act citizen suit to compel Defendant, Michael Regan, Administrator of the EPA, to perform his non-

---

[1] The SIP was required to demonstrate that the region would achieve attainment by July 20, 2021. 84 Fed. Reg. 70,897, 70,900 (Dec. 26, 2019).

discretionary duty to take action on Colorado's SIP revision. The timely review of this SIP is necessary to ensure adequate protection of air quality and public health in Colorado.

## JURISDICTION, NOTICE AND VENUE

8.  This is an action against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under the Clean Air Act which is not discretionary with the Administrator. Thus, this Court has jurisdiction pursuant to 42 U.S.C. § 7604(a)(2) (citizen suit provision of the Clean Air Act) and 28 U.S.C. § 1331 (federal question).

9.  The requested declaratory relief is authorized by 28 U.S.C. § 2201(a) and 42 U.S.C. § 7604(a). As EPA has failed to redress the Clean Air Act violations set forth in Guardians' notice letter there exists now between the parties an actual, justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201. Injunctive relief is authorized by 28 U.S.C. § 2202 and 42 U.S.C. § 7604(a). 42 U.S.C. § 7604(d) authorizes this Court to award Guardians its costs and attorneys' fees.

10. On July 20, 2022, Guardians provided EPA with written notice of the claim stated in this action. This notice was provided at least 60 days before filing this Complaint. Guardians provided this notice pursuant to 42 U.S.C. § 7604(b)(2), and 40 C.F.R. §§ 54.2 and 54.3. Although more than 60 days have elapsed since Guardians gave notice, EPA remains in violation of the law.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(e)(1), (2) & (3). EPA resides in this judicial district and maintains a major regional office in Denver, Colorado. A substantial part of the events or omissions giving rise to Guardians' claims occur in EPA's Denver office.

## PARTIES

12. Plaintiff WILDEARTH GUARDIANS ("Guardians") is a non-profit conservation organization. Guardians is dedicated to protecting and restoring wildlife, wild rivers, and wild places in the American West, and to safeguarding the Earth's climate and air quality. WildEarth Guardians and its members work to reduce harmful air pollution to safeguard public health, welfare, and the environment. WildEarth Guardians has approximately 196,000 members and supporters, some of whom live, work, or recreate in the Denver Metro-North Front Range region.

13. WildEarth Guardians is a corporation. Therefore, Guardians is a "person" within the meaning of 42 U.S.C. § 7602(e). As such, Guardians may commence a civil action under 42 U.S.C. § 7604(a).

14. Guardians' members live, work, recreate, and conduct educational, research, advocacy, spiritual and other activities in Colorado, within the nonattainment area. These members experience air pollution impacts to health, safety, welfare, and aesthetics, which would be addressed under the SIP submission at issue in this case. This air pollution adversely impacts Guardians' and its members' interest. EPA's failure to act on the SIP submission also creates doubt for Guardians' members as to whether they are exposed to illegal levels of air pollution. Guardians' and its members' interests have been, are being, and will continue to be irreparably harmed by EPA's failure to act on the SIP submission at issue in this case.

15. The violation alleged in this Complaint also deprives Guardians and its members of certain procedural rights associated with EPA's required action on the SIP submissions, including notice and opportunity to comment. The violations alleged in this Complaint also deprive Guardians and its members of certain information associated with EPA's required action on the SIP submission.

16. The violations alleged in this Complaint have injured and continue to injure the interests of Guardians and its members. These injuries are traceable to Defendant's failure to act. Granting the requested relief would redress these injuries by compelling EPA action that Congress determined to be an integral part of the regulatory scheme for attaining and maintaining the NAAQS and for making reasonable progress towards achieving healthy air quality and reducing smog in the Denver Metro-North Front Range nonattainment area.

17. Defendant MICHAEL REGAN is Administrator of the United States Environmental Protection Agency. Mr. Regan is sued in his official capacity. The Administrator is charged with implementation and enforcement of the Clean Air Act. As described below, the Clean Air Act assigns EPA certain non-discretionary duties.

## LEGAL FRAMEWORK

18. The Clean Air Act establishes a partnership between EPA and the states for the attainment and maintenance of national air quality goals. 42 U.S.C. §§ 7401–7515. This system is intended to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again." H.R. Rep. No. 91-1146, at 1 (1970), *reprinted in* 1970 U.S.C.C.A.N. 5356, 5356. Towards this end, EPA has set NAAQS for seven pollutants. *See* 40 C.F.R. Part 50.4–50.13.

19. States, or regions within a state, must adopt a pollution control plan that contains enforceable emissions limitations necessary to attain the NAAQS and meet applicable requirements of the Clean Air Act, including ensuring attainment, maintenance, and enforcement of the NAAQS. *See*, *e.g.*, 42 U.S.C. §§ 7410(a)(1), (a)(2)(A), 7502(c)(6). All such plans must be submitted to and approved by EPA. 42 U.S.C. § 7410(a)(1), (k). For nonattainment areas, the Clean Air Act provides specific deadlines and requirements for SIPs to ensure that the NAAQS are attained and ultimately that "nonattainment" areas can be redesignated as "attainment"

areas. These requirements are set forth under Part D of the Clean Air Act. 42 U.S.C. § 7501, *et seq*.

20.     Within 60 days of EPA's receipt of a proposed SIP or SIP revision, the Clean Air Act requires EPA to determine whether the submission is sufficient to meet the minimum criteria established by EPA for such proposals. 42 U.S.C. § 7410(k)(1)(B).

21.     Within 12 months of finding that a proposed SIP or SIP revision is complete EPA must act to approve, disapprove, or approve in part and disapprove in part, the submission. 42 U.S.C. § 7410(k)(2).

22.     Once EPA approves a SIP or SIP revision, source of pollution must comply with all emission standards and limitations contained in the SIP, and all such standards and limitations become federal law and are enforceable by EPA and citizens in federal courts. 42 U.S.C. § 7413 and 42 U.S.C. § 7604(a).

23.     If EPA fails to comply with a non-discretionary duty, such as acting on a proposed SIP revision within the Clean Air Act deadlines, the Clean Air Act allows any person to bring suit to compel EPA to perform its duty. 42 U.S.C. § 7604(a)(2).

## FACTUAL ALLEGATIONS

24.     Ozone, the key ingredient of smog, is a serious problem in the Denver Metro-North Front Range region of Colorado. Formed when emissions from smokestacks, tailpipes, and oil and gas extraction activities react with sunlight, ozone is a respiratory irritant and can worsen lung ailments, interfere with school and work, and hinder outdoor activities.

25.     For years now, the Denver Metro-North Front Range region, including all of Adams, Arapahoe, Boulder, Broomfield, Denver, Douglas, Jefferson Counties and portions of Larimer and Weld Counties, has persistently violated NAAQS for ozone that were established in

2008. Due to ongoing violations of the 2008 ozone NAAQS, in 2019, the EPA declared the Denver Metro-North Front Range region to be a "serious" nonattainment area. 84 Fed. Reg. 70,897 (Dec. 26, 2019).

26. Colorado had a deadline of August 3, 2020 for Colorado to submit a plan to demonstrate compliance, or attainment, with the 2008 ozone NAAQS according to "serious" nonattainment planning requirements under section 182(c) of the Clean Air Act. 84 Fed. Reg. 70,897 (Dec. 26, 2019). *See also* 42 U.S.C. § 7511a(c).

27. Belatedly, on March 22, 2021, the State of Colorado made its SIP submission to EPA purporting to address Clean Air Act section 182(c) requirements for the Denver Metro-North Front Range serious ozone nonattainment area.

28. Due to ongoing violations of the 2008 ozone NAAQS in the Denver Metro-North Front Range serious ozone nonattainment area, there is reason to believe that the State of Colorado's SIP submission is inadequate and cannot be approved by the EPA.

29. On June 2, 2021, EPA deemed Colorado's submission complete. EPA made this completeness determination via a letter from the Acting Director for the Air and Radiation Division for EPA Region 8 to the Director of the Colorado Air Pollution Control Division.

30. Within 12 months of the completeness finding, or June 2, 2022, EPA was required to approve, disapprove, or approve in part and disapprove in part, the submission. 42 U.S.C. § 7410(k)(2).

31. As of date of filing this Complaint, EPA has not yet granted final full or partial approval, or disapproval, for the SIP submission. EPA has not even proposed action on the SIP submittal as of the date of filing this Complaint.

**CLAIM FOR RELIEF**

**Failure to Perform a Non-Discretionary Duty to Act on Colorado's SIP Submittal**

32. Plaintiff incorporates by reference all the preceding allegations in this Complaint.

33. On March 22, 2021, EPA received a SIP submission from the State of Colorado purporting to meet serious ozone nonattainment planning requirements under section 182(c) of the Clean Air Act.

34. On June 2, 2021, EPA determined that the SIP submittal met the minimum criteria established pursuant to 42 U.S.C. § 7410(k)(1)(A).

35. No later than June 2, 2022, EPA was required to fully or partially approve or disapprove the SIP submittal. 42 U.S.C. § 7410(k)(2) & (3).

36. EPA has not fully or partially approved, or disapproved, the State's SIP submittal.

37. Accordingly, EPA has violated and continues to violate its mandatory duty in 42 U.S.C. § 7410(k)(2).

38. This violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a)(2). EPA's violation is ongoing and will continue unless remedied by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff WildEarth Guardians requests that this Court enter judgment providing the following relief:

A. A declaration that EPA has violated and continues to violate the Clean Air Act by failing to take final action on Colorado's ozone SIP submittal;

B. An injunction compelling EPA to take final action on Colorado's ozone SIP submittal by a date certain with interim deadlines to assure compliance with the court's order;

  C. An order retaining jurisdiction over this matter until such time as EPA has complied with its non-discretionary duty under the Clean Air Act;

  D. An order awarding Guardians its costs of litigation, including reasonable attorneys' fees; and

  E. Such other and further relief as the Court deems just and proper.

Respectfully submitted September 19, 2022,

*/s Katherine Merlin*
Katherine Merlin
WildEarth Guardians
3798 Marshall St. Suite 8.
Wheat Ridge, CO 80033
(720) 965-0854
kmerlin@wildearthguardians.org

*/s Samantha Ruscavage-Barz*
Samantha Ruscavage-Barz
WildEarth Guardians
301 N. Guadalupe St., Ste. 201
Santa Fe, NM 87501
(505) 401-4180
sruscavagebarz@wildearthguardians.org

*Attorneys for Plaintiff*